UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM J. THOMPSON,

    Petitioner,

v.                                                    Case No. 3:23cv17397-LC-HTC

RICKY D. DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner William J. Thompson, proceeding *pro se*, initiated this action by filing a document titled "Petition for Writ of Mandamus," seeking to be transferred to protective management and, also, appearing to contest a disciplinary finding. ECF Doc. 1.

The Court reviewed Petitioner's filing and found it to be "deficient in several ways." ECF Doc. 3 at 1 (the Court's July 13, 2023, Order). Specifically, the Petition is captioned for the circuit court in Santa Rosa County, Florida, and relied only upon Florida law, thus making it unclear whether Petitioner intended to pursue this action in state court or in this Court. *Id.* at 1–2. Additionally, the Petition improperly seeks relief under 42 U.S.C. § 1983 and habeas relief. *Id.* at 3. Accordingly, the Court ordered Petitioner to, within twenty-one days, *either* (1) file a proper habeas petition

on this Court's form and/or a separate civil rights complaint under § 1983 and pay the respective filing fee(s); (2) file a notice of voluntary dismissal; or (3) otherwise show cause why this case should not be dismissed. *Id.* at 2–5. The Court's July 13, 2023, Order expressly warned Petitioner that his failure to comply with the Court's instructions would result in a recommendation of dismissal. *Id.* at 4. To date, however, Petitioner has failed to respond to the Court's Order, and thus, has not shown cause why this matter should not be dismissed as an improper petition for writ of mandamus.

Based on the foregoing, dismissal of this case is appropriate for two reasons. First, Petitioner has failed to comply with an order of this Court or otherwise prosecute this case. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted). Second, the petition fails to state a claim for relief.

Case No. 3:23cv17397-LC-HTC

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders, as well as failure to state a claim.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of August, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.